### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANGELA MARIE MONTGOMERY** | * | |
| | * | |
| v. | * | **Civil Case No. JFM-15-271** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

### REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and Ms. Montgomery's reply memorandum. [ECF Nos. 15, 16, 19]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that Ms. Montgomery's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Montgomery protectively filed an application for Disability Insurance Benefits ("DIB") on May 27, 2011, alleging a disability onset date of May 1, 2007.[1] (Tr. 19, 83). Her application was denied initially on September 20, 2011, and on reconsideration on February 2, 2012. (Tr. 83-92; 94-107; 109-12; 114-16). An Administrative Law Judge ("ALJ") held a hearing on October 10, 2013, at which Ms. Montgomery was represented by counsel. (Tr. 38-

---

[1] Because Ms. Montgomery's date last insured is December 31, 2011, she had to establish disability between May 1, 2007, and December 31, 2011.

81).  Following the hearing, the ALJ determined that Ms. Montgomery was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 19-28).  The Appeals Council denied Ms. Montgomery's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Montgomery suffered from the severe impairments of asthma, sleep apnea, morbid obesity, status post bilateral carpal tunnel syndrome release in 2001 and 2002, and mild degenerative joint disease of the left knee.  (Tr. 21).  Despite these impairments, the ALJ determined that Ms. Montgomery retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she could frequently handle and finger; she could occasionally climb ramps or stairs (never ladders, ropes, or scaffolds), and occasionally balance, stoop, kneel, crouch, and crawl; and she must avoid even moderate exposure to respiratory irritants and workplace hazards.

(Tr. 23).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Montgomery could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled.  (Tr. 26-27).

Ms. Montgomery disagrees.  She raises two primary arguments on appeal: (1) that the ALJ failed to support her RFC assessment with substantial evidence; and (2) that the ALJ's findings at step five were erroneous because they were based on a flawed RFC assessment.  Each argument lacks merit.

Turning to Ms. Montgomery's first argument, she contends that the ALJ failed to support her findings in the RFC assessment, specifically her findings regarding manipulative limitations, with substantial evidence.  Pl. Mot. 10-18.  Ms. Montgomery argues that the ALJ committed reversible error in finding that she was able to "frequently handle and finger," while the medical evidence supported a greater limitation to only occasional handling or fingering.  *Id.*  In support, Ms. Montgomery cites the findings of a consultative examiner, Dr. Shah, who found that Ms.

2

Montgomery had "manipulative limitations on handling, feeling, grasping, fingering and the claimant will be able to perform these occasionally due to hand weakness." (Tr. 354). In addition, Ms. Montgomery points out that the initial DDS opinion from the State found that she was limited to only occasional "handling, feeling, grasping, [and] fingering due to hand weakness," while on reconsideration, DDS found that she was capable of frequent handling and fingering bilaterally. (Tr. 87, 104). On reconsideration, DDS purported to base its opinion of Ms. Montgomery's manipulative limitations largely on Dr. Shah's opinion, which Ms. Montgomery argues was erroneous since Dr. Shah opined greater manipulative limitations than DDS. *Id.*

Based on this evidence, Ms. Montgomery asserts that the ALJ "cherry-pick[ed]" evidence to support the findings in her RFC assessment. Pl. Mem. 11. Specifically, she states that the ALJ "cherry-picked portions of Dr. Shah's conclusions with the intent to fabricate support for her deficient RFC determination." *Id.* Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if there is other evidence that may support Ms. Montgomery's position, this Court is not permitted to reweigh the evidence or to substitute its own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence. A review of Dr. Shah's report demonstrates that the ALJ provided a thorough analysis of Dr. Shah's findings regarding Ms. Montgomery's manipulative limitations. (Tr. 25-26). While the ALJ did not specifically mention Dr. Shah's opinion that Ms. Montgomery was limited to occasional handling, feeling, grasping, and fingering, the ALJ did

note Ms. Montgomery's history of carpal tunnel syndrome, without any associated trauma or injury, her complaints of sharp pain in wrists, and her complaints that she drops things frequently.  (Tr. 25, 349).  In addition, the ALJ cited Dr. Shah's findings that Ms. Montgomery was able to lift, carry, and handle objects, and that she was able to dress and undress adequately.  *Id.*  Dr. Shah found normal range of motion in the upper extremities, including in her elbows, shoulders, wrists, and hands, and findings of some decreased strength (4/5) in Ms. Montgomery's wrists bilaterally.  *Id.*; (Tr. 352).

In assigning weight to Dr. Shah's opinion, the ALJ stated only that "Dr. Shah's opinion that the claimant has exertional limitations is given limited weight as the record shows greater limitations."[2]  (Tr. 26).  Thus, ALJ did not assign any particular weight to Dr. Shah's opinion of Ms. Montgomery's non-exertional limitations.  Even so, I find this to be harmless error, since the ALJ provided a narrative discussion describing how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence.  SSR 96-8p; *see also*, 20 C.F.R. § 404.953.  With respect to manipulative abilities, the ALJ cited not only Dr. Shah's examination, but also evidence from the consultative examination performed by Dr. Freilich, who observed that Ms. Montgomery had "no functional limitations, and that the claimant was able to perform all her activities of daily living."  (Tr. 25) (citing Tr. 307).  The ALJ agreed with Dr. Freilich, finding that Ms. Montgomery "was able to perform many activities of daily living."  (Tr. 26).  Ultimately, the ALJ found that "while [Ms. Montgomery] complained of problems with carpal tunnel syndrome, she reportedly underwent surgeries in 2001 and 2002, and the objective treatment record does not note further problems."  *Id.*  While there may be other evidence in the

---

[2] The ALJ also assigned little weight to the opinions of DDS physicians who stated that Ms. Montgomery was capable of medium, and on reconsideration, light, exertional work, finding that they overestimated Ms. Montgomery's abilities.  (Tr. 26).  The fact that the ALJ determined an RFC more restrictive than the exertional levels opined by Dr. Shah and the DDS physicians indicates a careful review of the medical evidence.  *Id.*

record that could be marshaled in support of a limitation to occasional manipulative limitations, because the ALJ's opinion is supported by substantial evidence, remand is unwarranted.

Ms. Montgomery next argues that the ALJ's allegedly improper findings in the RFC assessment "infected" her finding at step five that Ms. Montgomery is capable of performing work that exists in substantial numbers in the national economy.  Pl. Mem. 14.  The Fourth Circuit has explained that, in order for a VE's opinion to be helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of a claimant's impairments.  *See Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989) (citing *Chester v. Matthews*, 403 F. Supp. 110 (D. Md.  1975)); *Stephens v. Secretary of Health, Education and Welfare*, 603 F.2d 36 (8th Cir. 1979)).  Despite these requirements, the ALJ "has great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question."  *Koonce v. Apfel*, 166 F.3d 1209 (4th Cir. 1999).  Ms. Montgomery contends that the ALJ posed hypotheticals to the VE, and upon hearing that Ms. Montgomery would only be capable of performing certain jobs if she were capable of frequent manipulation, subsequently found her to have that capability.  Pl. Mot. 15.  If true, this would be improper.  However, there is no evidence that the ALJ determined Ms. Montgomery's abilities after hearing the VE's responses to hypotheticals.  Rather, as stated above, the ALJ supported her findings in the RFC assessment with substantial evidence and a thorough review of the evidence of record, and she was free to reject any other suggested restrictions so long as she provided substantial evidence for doing so.[3]

Ms. Montgomery further argues that the ALJ erred because she did not include any

---

[3] In fact, the VE testified that sedentary jobs would be available even with a limitation to occasional manipulation, rendering any error harmless on that point.  (Tr. 76-77).

limitations in feeling and grasping, as opined by Dr. Shah, in her RFC assessment.  Pl. Mem. 15-16.  I note, however, that the Agency's definition of "handling," as provided in its Program Operations Manual System ("POMS"), includes "[s]eizing, holding, grasping, turning, or otherwise working with the hand or hands."[4]   D.I. 25001.001.   Thus, by making findings regarding Ms. Montgomery's ability to handle, the ALJ inherently made a finding as to Ms. Montgomery's ability to work with her hands more generally, including her ability to grasp.

Finally, Ms. Montgomery contends that the ALJ failed to consider "the special situation in SSR 83-12, which provides that a sedentary exertional limitation combined with a significant loss of bilateral manual dexterity, '[W]arrants a conclusion of disabled,' because '[B]ilateral manual dexterity is necessary for the performance of substantially all unskilled sedentary occupations.'"  Pl. Mem. 17 (internal quotations omitted).  Further, Ms. Montgomery points to SSR 96-9p, which provides that "[a]ny significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base."   Thus, because Ms. Montgomery is limited to sedentary work with additional manipulative limitations, she argues that she should be found disabled under the parameters of SSRs 83-12 and 96-9p, which the ALJ allegedly failed to consider.

A review of the ALJ's decision indicates that the ALJ did not find the "significant manipulative limitation of an individual's ability to handle and work with small objects with both hands," that would substantiate a finding of disability under SSRs 83-12 and 96-9p.  The ALJ specifically noted Dr. Shah's finding that Ms. Montgomery was able to dress and undress herself adequately, and that she had full range of motion in her upper extremities.  (Tr. 25-26).  Thus,

---

[4] The Agency's definition of "handling" further states, "Fingers are involved only to the extent that they are an extension of the hand."  By contrast, the Agency defines "fingering" as "[p]icking, pinching, or otherwise working with the fingers primarily (rather than the whole hand or arm as in 'Handling')."  D.I. 25001.001.

the ALJ concluded that Ms. Montgomery "was able to perform many activities of daily living." (Tr. 26). This finding is not indicative of the type of manipulative limitations that would "result in a significant erosion of the unskilled sedentary occupational base," SSR 96-9p, and the ALJ supported her finding with substantial evidence from the record. Accordingly, I find no error under SSRs 83-12 and 96-9p.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 16];

2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 15];

3. the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  December 28, 2015                            _____/s/_____
                                                                                Stephanie A. Gallagher
                                                                                United States Magistrate Judge